IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERI ANN WHITTINGTON,<br><br>   Petitioner,<br><br> vs.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>   Respondent. | No. C 06-0762 JSW (PR)<br><br>**ORDER DISMISSING HABEAS PETITION FOR FAILURE TO EXHAUST STATE REMEDIES** |

  Petitioner, a state prisoner incarcerated at Napa State Hospital in Napa, California, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 on February 2, 2006. Petitioner has paid the filing fee. Petitioner challenges the validity of her guilty plea, which resulted in a three year sentence, on the grounds that at the time of the plea, she was incompetent to stand trial. Petitioner alleges in a declaration filed on February 28, 2006 (docket no. 3) that the grounds raised in the petition were not previously raised in any other court because she was unaware that they were grounds for an appeal.

  A state prisoner who wishes to challenge collaterally in federal habeas proceedings either the fact or length of their confinement is first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim he seeks to raise in federal court. 28 U.S.C. § 2254(b),(c); *Rose v. Lundy,* 455 U.S. 509, 515-16 (1982); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *McNeeley v.*

*Arave*, 842 F.2d 230, 231 (9th Cir. 1988).  The state's highest court must be given an opportunity to rule on the claims even if review is discretionary.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process.").

In this case, Petitioner notes in the petition that she has not brought any prior appeal or collateral challenges in the state courts regarding this claim.  As a result, she has not exhausted her state remedies, and the petition must be dismissed.  *Rose*, 455 U.S. at 510.  A dismissal solely for failure to exhaust is not a bar to Petitioner returning to federal court after exhausting available state remedies, if the relief she seeks is not granted there.  *Trimble v. City of Santa Rosa,* 49 F.3d 583, 586 (9th Cir. 1995).

Accordingly, this petition is DISMISSED without prejudice to Petitioner filing a new federal habeas corpus petition once she has exhausted state remedies by presenting her claims to the highest state court.

IT IS SO ORDERED.

DATED: July 14, 2006

_____
JEFFREY S. WHITE
United States District Judge